UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **LIDIA DOMINGO,** | Case No. _____ |
| and | |
| **ANGELA DOMINGO,** | Judge _____ |
| and | |
| **MARIA DOMINGO,** | **COMPLAINT** |
| and | |
| **ENRIQUE AGUSTIN,** | **JURY DEMAND** |
| and | |
| **LUIS MACARIO,** | |
| and | |
| **FELIPE CINTO,** | |
| and | |
| **JUAN MENDOZA,** | |
|       Plaintiffs, | |
| v. | |
| **THE DUMPLING MAN LLC,** | |
| and | |
| **TIGER DUMPLING LLC,** | |
| and | |
| **JAMES H. HEBERT,** | |
|       Defendants. | |

Plaintiffs, for their Complaint against Defendants, allege as follows:

## NATURE OF ACTION

1.      This is an action for monetary damages and other equitable and ancillary relief on account of unpaid wages brought pursuant to the Kentucky Wage and Hour Act ("KWHA"), K.R.S. 337.020 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* along with claims for unjust enrichment, and quantum meruit.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the federal claims pursuant to the provisions of 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over state law claims under 28 U.S.C § 1367.

3.      Venue is proper in this Court under 28 U.S.C. § 1491 as a substantial part of the events giving rise to Plaintiffs' claims occurred in Newport, Kentucky, located within the eastern judicial district of Kentucky.

## PARTIES

4.      Plaintiff Lidia Domingo ("L. Domingo") is a resident of Campbell County, Kentucky.  For the relevant time period, L. Domingo was employed by Defendants The Dumpling Man LLC ("The Dumpling Man") and Tiger Dumpling LLC ("Tiger Dumpling") as a supervisor and dumpling maker.  Her employment with The Dumpling Man and Tiger Dumpling began on or around February 2015, and ended on or around April 2016.  During her employment, she earned an hourly wage of $15.75/hour.

5.      Plaintiff Angela Domingo ("A. Domingo") is a resident of Campbell County, Kentucky.  For the relevant time period, A. Domingo was employed by Defendants The

Dumpling Man and Tiger Dumpling as a dumpling maker. Her employment with The Dumpling Man and Tiger Dumpling began on or around February 2016, and ended on or around April 2016. During her employment, she earned an hourly wage of $11.00/hour.

6. Plaintiff Maria Domingo ("M. Domingo") is a resident of Campbell County, Kentucky. For the relevant time period, M. Domingo was employed by Defendants The Dumpling Man and Tiger Dumpling as a dumpling maker. Her employment with The Dumpling Man and Tiger Dumpling began on or around April 2015, and ended on or around April 2016. During her employment, she earned an hourly wage of $11.00/hour.

7. Plaintiff Enrique Agustin ("Agustin") is a resident of Campbell County, Kentucky. For the relevant time period, Agustin was employed by Defendants The Dumpling Man and Tiger Dumpling as a dumpling maker. His employment with The Dumpling Man and Tiger Dumpling began on or around February 2015, and ended on or around April 2016. During his employment, he earned an hourly wage of $14.25/hour.

8. Plaintiff Luis Macario ("Macario") is a resident of Campbell County, Kentucky. For the relevant time period, Macario was employed by Defendants The Dumpling Man and Tiger Dumpling as a dumpling maker. His employment with The Dumpling Man and Tiger Dumpling began on or around April 2015, and ended on or around April 2016. During his employment, he earned an hourly wage of $11.00/hour.

9. Plaintiff Felipe Cinto ("Cinto") is a resident of Campbell County, Kentucky. For the relevant time period, Cinto was employed by Defendants The Dumpling Man and Tiger Dumpling as a dumping maker. His employment with The Dumpling Man and Tiger Dumpling began on or around April 2015, and ended on or around April 2016. During his employment, he earned an hourly wage of $11.00/hour.

10. Plaintiff Juan Mendoza ("Mendoza") is a resident of Butler County, Ohio. For the relevant time period, Mendoza was employed by Defendants The Dumpling Man and Tiger Dumpling as a dumpling maker. His employment with The Dumpling Man and Tiger Dumpling began on or around March 2016, and ended on or around April 2016. During his employment, he earned an hourly wage of $11.00/hour.

11. Defendant The Dumpling Man LLC is an Ohio Limited Liability Company, which at all relevant times to this Complaint leased warehouse space from Savor Catering and Events, located at 517 W. 7th Street, Newport, Kentucky 41071 ("Savor Catering and Events warehouse" or "warehouse"), and specialized in cooking and making Asian-style dumplings that were then sold by Defendant Tiger Dumpling.

12. Defendant Tiger Dumpling LLC is at all times relevant to this Complaint an Ohio Limited Liability Company, which operated a restaurant, located on 249 Calhoun Street, Cincinnati, Ohio 45219 ("Calhoun Street restaurant"), that prepared and sold Asian-style dumplings made by Defendant The Dumpling Man.

13. At all times relevant to this Complaint, Defendants The Dumpling Man and Tiger Dumpling employed the Plaintiffs, and were each, as well as jointly, an "employer" within the meaning of the KWHA. Together, they jointly constituted an "employer" and an enterprise "regularly engaged in interstate commerce" as defined in the FLSA.

14. Defendant James H. Hebert ("Hebert") is at all times relevant to this Complaint the sole owner, principal officer, and manager of Defendants The Dumping Man and Tiger Dumpling. Defendant Hebert resides in Hamilton County, Ohio.

**FACTUAL ALLEGATIONS**

15.     At all relevant times to this Complaint, Plaintiffs worked in the Savor Catering and Events warehouse, leased by Defendant The Dumpling Man, cooking and making dumplings.

16.     In addition to selling dumplings at the Calhoun Street restaurant, Defendant Tiger Dumpling catered various corporate events around the Greater Cincinnati area.  Dumplings served at these events were also cooked and prepared by the Plaintiff employees working in the Savor Catering and Events warehouse.

17.     At various times before and throughout the workweek, Defendant Hebert would send instructions via text messages to Plaintiff L. Domingo to let her know how many dumplings to cook for the upcoming days or week.  Plaintiff L. Domingo would then communicate these instructions to the other Plaintiff employees.  All Plaintiff employees, including L. Domingo, participated in the dumpling cooking and preparation.

18.     Throughout the workweek, a Tiger Dumpling employee would come to the warehouse, pick up the dumplings made by the Plaintiff employees, and transport the dumplings over to the Calhoun Street restaurant or to a Tiger Dumpling catering event.

19.     As a result of the varying quantities of dumplings needed for each week, the weekly hours and schedules worked by the Plaintiffs fluctuated.  Plaintiffs began their workdays anywhere from 3 a.m. to 6 a.m. and ended their workdays anywhere from 12 p.m. to 8 p.m., and could work up to seven (7) days in a workweek depending on the catering schedule, or other special events Defendant Tiger Dumpling had booked.

20.     Plaintiff L. Domingo recorded, by hand, the hours worked for each of the Plaintiffs, and kept paper records for each Plaintiff employee, including her own hours worked.

At the end of each workweek, usually on Saturdays or Sundays, Plaintiff L. Domingo, using her cell phone camera, would take photographs of all of the weekly hours worked for each Plaintiff employee, and send them to Defendant Hebert for payroll processing.

21. During the periods in which each respective Plaintiff worked for Defendants The Dumpling Man and Tiger Dumpling, Plaintiffs sometimes worked more than forty (40) hours per week, but were never paid overtime compensation at one and one-half times their respective hourly rates of pay, contrary to the provisions of 29 U.S.C. § 207(a).

22. During the week of March 7, 2016, Plaintiff A. Domingo worked around thirty-three (33) hours; Plaintiff M. Domingo worked around thirty-six and one-half (36.5) hours; Plaintiff Agustin worked around forty-one and three-quarter (41.75) hours; Plaintiff Cinto worked around twenty-four and three-quarter (24.75) hours; and Plaintiff Mendoza worked around ten (10) hours. None of the Plaintiffs referenced in this paragraph have been paid any wages or compensation for these hours worked.

23. During the week of March 14, 2016, Plaintiff L. Domingo worked around seventy-four (74) hours; Plaintiff A. Domingo worked around sixty-nine (69) hours; Plaintiff M. Domingo worked around fifty-four and one-half (54.5) hours; Plaintiff Agustin worked around seventy-three and one-half (73.5) hours; Plaintiff Macario worked around fifty-one (51) hours; Plaintiff Cinto worked around forty-three and one-half (43.5) hours; and Plaintiff Mendoza worked around nineteen and one-half (19.5) hours. None of the Plaintiffs referenced in this paragraph have been paid any wages or compensation for these hours worked.

24. During the week of March 21, 2016, Plaintiff L. Domingo worked around thirty-one and one-half (31.5) hours; Plaintiff A. Domingo worked around sixteen (16) hours; Plaintiff M. Domingo worked around twenty-seven and one-half (27.5) hours; Plaintiff Agustin worked

around twenty-eight and one-half (28.5) hours; Plaintiff Macario worked around twenty-three and one-half (23.5) hours; and Plaintiff Cinto worked around eighteen (18) hours. None of the Plaintiffs referenced in this paragraph have been paid any wages or compensation for these hours worked.

25. During the week of March 28, 2016, Plaintiff L. Domingo worked around thirteen (13) hours; Plaintiff A. Domingo worked around thirteen (13) hours; Plaintiff M. Domingo worked around thirteen (13) hours; Plaintiff Agustin worked around thirteen (13) hours; Plaintiff Macario worked around thirteen (13) hours; and Plaintiff Cinto worked around six (6) hours. None of the Plaintiffs referenced in this paragraph have been paid any wages or compensation for these hours worked.

26. Plaintiffs made numerous attempts to communicate with Defendant Hebert and request payment for their work performed. Not only were these requests ignored, Defendant Hebert continued to expect Plaintiffs to report to work.

27. After four (4) consecutive weeks of Defendants' failure to pay, Plaintiffs L. Domingo, A. Domingo, M. Domingo, Agustin, and Macario stopped reporting to work and resigned from their employment with The Dumpling Man and Tiger Dumpling.

28. Plaintiff Cinto's last day working for Defendants The Dumpling Man and Tiger Dumpling was on March 31, 2016.

29. Plaintiff Mendoza's last day working for Defendants The Dumpling Man and Tiger Dumpling was on March 20, 2016.

30. At all relevant times, Defendant Hebert exercised complete control of the operations of Defendants The Dumpling Man and Tiger Dumpling, and operated the two (2) entities as one (1) integrated business and commercial enterprise.

7

31. For the weeks of employment in which Defendants The Dumpling Man and Tiger Dumpling did issue checks, Plaintiff employees received checks that identified Defendant The Dumpling Man as the payor, but listed Defendant Hebert's home address, 1908 Dunlap Street, Apartment #3, Cincinnati, Ohio 45214, as the payor's address. All checks issued were signed by Defendant Hebert.

32. Upon information and belief, Defendant Hebert operated the businesses of The Dumpling Man and Tiger Dumpling from his home address, and comingled his personal property and assets with the property and assets belonging to either The Dumpling Man and/or Tiger Dumping.

## COUNT I
## KENTUCKY WAGE AND HOUR ACT,
## KY. REV. STAT. 337.020 ET. SEQ.
## UNPAID WAGES

33. Plaintiffs incorporate the allegations of Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. The foregoing actions and/or omissions of Defendants The Dumpling Man and Tiger Dumpling constitute minimum wage violations of the KWHA, codified at Chapter 337 of the Kentucky Revised Statutes, K.R.S. 337.020 *et seq*.

35. The foregoing actions and/or omissions of Defendants The Dumpling Man and Tiger Dumpling constitute violations of the requirement to provide timely payments as specified by K.R.S. 337.20.

36. Defendants The Dumpling Man and Tiger Dumpling are jointly and severally liable to Plaintiffs for actual damages, liquidated damages, and equitable relief, including costs and attorneys' fees, pursuant to K.R.S. 337.275, 337.385, and 337.990(1).

37. Because Defendant Hebert exercised complete control over both The Dumpling Man and Tiger Dumpling, as well as disregarded the corporate form of The Dumpling Man and Tiger Dumpling, respectively, Defendant Hebert, at all relevant times, was an employer under K.R.S. 337.010(1)(d), and is personally liable for all unpaid wages and damages owed to Plaintiffs, pursuant to K.R.S. 337.275, 337.385, and 337.990(1).

## COUNT II
## FAIR LABOR STANDARDS ACTION
## 29 U.S.C. §§ 201 *ET SEQ.*
## UNPAID WAGES/OVERTIME

38. Plaintiffs incorporate the allegations of Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. The foregoing actions and/or omissions of Defendants The Dumpling Man and Tiger Dumpling constitute minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

40. Defendants The Dumpling Man and Tiger Dumpling's actions were willful and not in good faith.

41. Defendants The Dumpling Man and Tiger Dumpling are jointly and severally liable to Plaintiffs for actual damages, liquidated damages, and equitable relief, including costs and attorneys' fees, pursuant to 29 U.S.C. §216(b).

42. Because Defendant Hebert exercised complete control over both The Dumpling Man and Tiger Dumpling, as well as disregarded the corporate form of The Dumpling Man and Tiger Dumpling, respectively, Defendant Hebert, at all relevant times, was an employer under 29 U.S.C. §203(d), and is personally liable for all unpaid wages and damages owed to Plaintiffs, pursuant to 29 U.S.C. §216(b).

## COUNT III
**UNJUST ENRICHMENT**

43. Plaintiffs incorporate the allegations of Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Plaintiffs have conferred a benefit upon Defendants through their performance of work described in this Complaint for which they have not been paid.

45. As a result of Defendants' failure to pay Plaintiffs for their hours worked, Defendants have been unjustly enriched.

46. For the reasons set forth above, Plaintiffs have suffered financial harm as a result of Defendants' failure to pay, and are entitled to recover from Defendants relief that includes, but is not limited to, any and all unpaid wages, including overtime, interest, reasonable attorneys' fees, and other costs incurred in the pursuit of this action.

## COUNT IV
**QUANTUM MERUIT**

47. Plaintiffs incorporate the allegations of Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Plaintiffs have performed valuable services arising from their employment, which were known, expected, and required by Defendants, in furtherance of Defendants' operations. The reasonable value for those services is the value of lost wages, including overtime where applicable, for all hours worked that have not been paid.

49. For the reasons set forth above, Plaintiffs, who were employed by Defendants, have suffered financial harm as a result of Defendants' failure to pay, and are entitled to recover from Defendants relief that includes, but is not limited to, any and all unpaid wages, including

overtime, interest, reasonable attorneys' fees, and other costs incurred in the pursuit of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants The Dumpling Man LLC, Tiger Dumpling LLC and James H. Hebert, jointly and severally, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent, and duration of their damages, the costs of this action, and as follows:

a. Declare and find that Defendants committed the following acts:

1. Violated minimum wage provisions of the KWHA by failing to pay wages to Plaintiffs for work performed;

2. Violated the requirement to provide timely payments under K.R.S. 337.020;

3. Willfully violated minimum wage and overtime provisions of the FLSA by failing to pay minimum and overtime wages to Plaintiffs.

b. Award compensatory damages for all lost wages, including overtime, owed in an amount according to proof;

c. Award interest on all compensation, including hourly wages and overtime, accruing from the date such amounts were due;

d. Award an amount equal to hourly wage and overtime payments owed as liquidated damages pursuant to the KWHA and the FLSA;

e. Award civil penalties as required by K.R.S. 337.990(1);

f. Award all costs and attorneys' fees incurred in the investigation and prosecution of these claims;

    g.    Grant such further and other relief that this Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury as to all claims cognizable for trial by jury.

Dated: October 18, 2016

> Respectfully Submitted,
>
> s/ Charles R. Wheatley II
> Charles R. Wheatley II (KY #93310)
> Clement L. Tsao (KY #95921) *(Admission Pending)*
> David M. Cook (OH #23469) *(Pro Hac Vice Pending)*
> **COOK & LOGOTHETIS, LLC**
> 22 West 9th Street
> Cincinnati, Ohio 45202
> (513) 287-6987 – phone
> (513) 721-1178 – fax
> bwheatley@econjustice.com
> ctsao@econjustice.com
> dcook@econjustice.com
> *Counsel for Plaintiffs*